UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
WARREN COOPER,

                    Plaintiff,

                                        MEMORANDUM & ORDER
          -against-                     15-CV-1498(JS)(ARL)

MITCHELL BARNET, Attorney at Law,
and JUDGE JERLD [SIC] CATER [SIC],

                    Defendants.
--------------------------------X
APPEARANCES
For Plaintiff:      Warren Cooper, pro se
                    15-A-1088
                    Sing Sing Correctional Facility
                    354 Hunter st.
                    Ossining, NY 10562

For Defendants:     No appearances.

SEYBERT, District Judge:

          On March 16, 2015, incarcerated pro se plaintiff Warren

Cooper ("Plaintiff") filed an in forma pauperis Complaint in this

Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Michael

Barnet, Esq. ("Barnet"), and Judge Jerald Carter, Acting New York

State Supreme Court Judge, Nassau County ("Judge Carter" and

together, "Defendants"), accompanied by an application to proceed

in forma pauperis.

          Upon review of the declaration in support of the

application to proceed in forma pauperis, the Court finds that

Plaintiff is qualified to commence this action without prepayment

of the filing fee.  See 28 U.S.C. § 1915(a)(1).  Therefore,

Plaintiff's request to proceed in forma pauperis is GRANTED.

However, for the reasons that follow, the Complaint is sua sponte

DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

BACKGROUND[1]

Plaintiff's sparse handwritten Complaint, submitted on a Section 1983 complaint form, alleges that his criminal defense attorney did not adequately represent him in the underlying state court criminal case and that the presiding judge, Judge Carter, "never ruled in my faver [sic]." (Compl. at 6-7.)  The Statement of Facts, in its entirety, reads as follows:

> My rights was violated on the date of 3/26/15 I spoke to my lawyer and mu Judge whos name is Jerld Carter on the record. About why i don't have any witness on my behalf dorning trail witch is my right by law.  Allso all the photo evidance of the crime sceen or photo property was never given to me before trail so i could study my case only some of the paper work was given to me witch is my right to have all my paper work before trail in trail but not afther trail is over or afther i have takeing a copeout.  As for my lawyer he said on the record that he didn't have to do anything it's the da's job to make there case and that is not true it's his job to make a representation on my behalf. And I never seen the property witch was stolen so everything I said my lawyer didn't do is all a part of my rights witch was violated . . .

> i am locked up for a burglery charge I didn't do.  What they siod it was my lawyers job to fight for me.  He said on the record he didn't have to do anything you don't say that on record about your clinte i know then my life

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

was in his hands. not only that i need to get
a witness on my behalf no one made her show up
and i never got all my paper work at trail my
photo's or missing page so how could i study
my case the judge never ruled in my faver so I
am putting a claim on that to because this is
my right i just wrote a brief letter to let
him know what is going on.  I need your help
on this my life is at the hands of the court
for something thay said i did this was not a
fair trail i am scared to speak up for my self
because i don't want to get hurt or more time.
thank you all this happen at trail 2/21/15 to
2/26/15 everything is on the record and i
wrote a letter to my judge.  thank you.
that's my prove.[2]

(Compl. ¶ IV, and at 6-8.) For relief, Plaintiff demands eleven

million dollars. (Compl. ¶ V.)

<u>DISCUSSION</u>

I.   <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of the

application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the Court finds that

Plaintiff is qualified to commence this action without prepayment

of the filing fees.  <u>See</u> 28 U.S.C. § 1915(a)(1).  Therefore,

Plaintiff's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED.

II.  <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to

dismiss an <u>in</u> <u>forma</u> <u>pauperis</u> complaint if the action is frivolous

or malicious, fails to state a claim upon which relief may be

---

[2] Plaintiff's allegations have been reproduced here exactly as
they appear in the Complaint.  Errors in spelling, punctuation,
and grammar have not been corrected or noted.

granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III.  Section 1983

Section 1983 provides that

> [e]very person who, under color of any
> statute, ordinance, regulation, custom, or
> usage, of any State . . . subjects, or causes
> to be subjected, any citizen of the United
> States . . . to the deprivation of any rights,
> privileges, or immunities secured by the
> Constitution and laws, shall be liable to the
> party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S.
Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).  To state a claim
under Section 1983, a plaintiff must "'allege that (1) the
challenged conduct was attributable at least in part to a person
who was acting under color of state law and (2) the conduct
deprived the plaintiff of a right guaranteed under the Constitution
of the United States.'"  Rae v. Cnty. of Suffolk, 693 F. Supp. 2d
217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53
(2d Cir. 1999)).

A.  Claim Against Barnet

Section 1983 "constrains only state conduct, not the
'acts of private persons or entities.'"  Hooda v. Brookhaven Nat'l
Lab., 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting Rendell-
Baker v. Kohn, 457 U.S. 830, 837, 102 S. Ct. 2764, 2769, 73 L. Ed.
2d 418 (1982)).  Accordingly, "a litigant claiming that his
constitutional rights have been violated must first establish that
the challenged conduct constitutes state action."  Flagg v. Yonkers
Sav. & Loan Ass'n, 396 F.3d 178, 186 (2d Cir. 2005) (internal

quotation marks and citation omitted); Fabrikant v. French, 691
F.3d 193, 206 (2d Cir. 2012) ("A plaintiff pressing a claim of
violation of his constitutional rights under Section 1983 is
. . . required to show state action." (internal quotation marks and
citation omitted)). Indeed, "the under-color-of- state-law element
of § 1983 excludes from its reach merely private conduct, no matter
how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v.
Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130
(1999) (internal quotation marks and citation omitted).

Private actors, such as Barnet, may be considered to be
acting under the color of state law for purposes of § 1983 if the
private actor was a "'willful participant in joint activity with
the State or its agents.'" Ciambriello v. Cnty. of Nassau, 292
F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co.,
398 U.S. 144, 152, 90 S. Ct. 1598, 1606, 26 L. Ed. 2d 142 (1970)).
Section 1983 liability may also extend to a private party who
conspires with a state actor to violate a plaintiff's
constitutional rights. Ciambriello, 292 F.3d at 323-24. In order
to state a Section 1983 conspiracy claim, a plaintiff must allege:
"(1) an agreement between a state actor and a private party; (2) to
act in concert to inflict an unconstitutional injury; and (3) an
overt act done in furtherance of that goal causing damages." Id.
at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir.
1999)).

6

Here, Plaintiff does not allege whether Barnet was his privately retained defense counsel or whether Barnet was appointed by the Court to defend Plaintiff in the underlying criminal case. Whether or not an attorney is assigned by the Court is immaterial because attorneys generally do not act under color of state law. Indeed, it is well-established that attorneys, whether with the Legal Aid Society, court-appointed, or privately retained, are generally not state actors for purposes of Section 1983. See, e.g., Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981); see also Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to [a] defendant [in a criminal proceeding] do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.") (citations omitted).

Additionally, Plaintiff has not alleged that Barnet acted jointly with a state actor or conspired with a state actor to deprive Plaintiff of some constitutional right. Thus, in the absence of any state action, Plaintiff's Section 1983 claim against Barnet is not plausible as a matter of law. Ciambriello, 292 F.3d at 325. Accordingly, Plaintiff's Section 1983 claim against Barnet is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

B.   Claim Against Judge Carter

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009) (citations omitted).  The Supreme Court instructs that this immunity is "from suit, not just from ultimate assessment of damages."  Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) (citation omitted).

Here, the only relief sought by Plaintiff against Judge Carter is a monetary damages award.  In addition, the only conduct by Judge Carter challenged by Plaintiff is that "the Judge never ruled in my faver."  (Compl. at 6-7.)  Presiding over a criminal trial and making rulings during such proceedings are clearly judicial actions which fall squarely within the scope of judicial immunity.  Accordingly, even liberally construing the Complaint, Plaintiff has not alleged a plausible claim against Judge Carter and it is thus DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii); 1915A(b)(1).

C.   Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here.  Because the defect in Plaintiff's claims

is substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.

However, insofar as Plaintiff seeks to challenge his state court criminal conviction, the dismissal of the instant Complaint is WITHOUT PREJUDICE to his filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Plaintiff is cautioned that a Petition for a Writ of Habeas Corpus has certain prerequisites to filing in this Court, such as the exhaustion of Constitutional claims in state court.

### CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff and to mark this case CLOSED.


SO ORDERED.


Dated:  July __30__, 2015            /s/ JOANNA SEYBERT_____
        Central Islip, NY           Joanna Seybert, U.S.D.J.

9